All right, we will now hear argument in Orlando v. Smith, here, from Mr. Lawrence. May it please the court, Zachary Lawrence for the appellant, Mr. Samuel Joseph Orlando. So we are here today to talk about the application of a younger abstention and whether or not the district court has impermissibly expanded younger beyond the three categories set forth in NOMS. That's all we're dealing with, it's just the younger state that's been brought here, right? The younger state and whether or not you have jurisdiction to determine that case. That's sort of important too, isn't it? That certainly is, and I was going to move on to that, but I suppose I'll start there. So very, very quickly, and this is spoken to in the cases cited in the appellee's brief, we don't determine the collateral order doctrine based on case-specific facts, they're broad categories. For instance, immunity cases would be collateral orders. Abstention-based stays are collateral orders. That's held fairly clearly in Moses. If you go down to footnote 11 in that case, it specifically deals with abstention-based stays in which the court decides to cede jurisdiction. This is an abstention-based stay where the court decided... But if it comes down to the stay of a younger extension for longer extension purposes, is that immediately appealable? In other words, is it a final appealable order? That's the question. You know, you've got some big stuff out there on this. I don't necessarily think you do because you're dealing really with the category of abstention-based stays, and I do hate to push back, but I think this is... Push back. That's what you're supposed to do, otherwise you're going to get it written the other way. There we go. This is indeed an abstention-based stay, and what the court here has done is it ceded jurisdiction. In that same footnote, the Supreme Court is discussing why these particular orders, and Quackenbush deals with this, and says they don't necessarily neatly fit into this doctrine, but the litigant is, for all intents and purposes, thrown out of the court that they wish to be litigating in, and... Kelsey, I'm sorry, I don't want to interrupt you, but I might be able to simplify your life a little bit. So we applied, and I should have called this case to everybody's attention earlier. Is it more of the... Yes, yes. We're done here. Like, in more than we said, a younger stay is immediately appealable. And that is more the City Council of Asheville, that's 396 F3rd 385. Why is this an open question in our court? I don't think it is. I was going to move on to there, but I was starting with Supreme Court precedent. Well, you just heard that. What are you going to do? Say something now to give us a reason not to go with Moore? I don't think you should. I think Moore was well-reasoned, and I think that closes the jurisdiction phase. If you have jurisdiction, then what about the younger stay itself? Yes, so to move on to the younger stay, Sprint makes clear that the three categories set forth in NOPC are the only categories of cases to which younger should apply. And I would specifically draw the court's attention to the first category, which is an ongoing criminal prosecution. And it uses the language prosecution not proceeding, which I think is critically important. So the question really before the court is whether or not the administration of property under a search warrant is a criminal prosecution. And I've seen no case hinting that that's the case. So there's no indictment that has been issued below no commencement of criminal proceeding? No prosecutors involved, no indictment, no arrest. Judges, they await six months, which is November the 8th, to see what happens. Has anything happened? Nothing has happened. And what happens if something happens? What happens if there's an indictment today or tomorrow? I would still argue that it was a poorly decided case because there was no ongoing criminal prosecution at the time. Well, it would be then if he indicts it. I guess that's where Judge Benjamin might be going there. If there's an indictment tomorrow on this case, that's an ongoing criminal proceeding. That's my question. Then you're out of here, right? Then we'll say goodbye. That'll be the end of this case, right? No, it wouldn't because it wasn't ongoing when Mr. Orlando brought his complaint. Well, I'm having trouble with you. You just said there's no police, there's no prosecutor. We're talking about a search warrant. So there was a judge. There was indeed a judge. There was this judge had to find probable cause, right? Certainly. All right. So how are you saying that this is not you? I know you're mixing words, proceeding, investigation, process. How is this not a part of a criminal? A search warrant is not a part of a criminal proceeding or a criminal process or a criminal investigation. With all due respect, it's not a criminal process. It's not a criminal proceeding. It's a criminal prosecution under NOPC. And I think that's key. So the idea here is that we're to afford courts doing certain things, comedy. It's not that we're supposed to afford comedy to sheriffs. It's not that we're supposed to afford this deference that we give to sovereigns to executive actors. Can I ask you a question? I take your point that Sprint uses the language prosecution. And this is in the context of a case that is very self-consciously trying to cut back on application of the Younger Doctrine. And there would be a reason to take them at their word on that. But then what happens to our Craig case, which was pre-Sprint, where we held that a pre-indictment grand jury subpoena would be enough to warrant Younger extension? With all respect to the Craig v. Barney case and the panel that sat on that decision, that involved an application of the middle sex factors. And it was held to be an ongoing proceeding, not an ongoing criminal prosecution. So you think that may have been effectively superseded? I think it was. To the extent it wasn't, I would note that it was applying that to a grand jury proceeding. And grand juries, as everyone knows, are very, very special animals. And the court went out of its way to say, because it's a grand jury proceeding, you have a forum for your constitutional claims. Whereas, good luck maybe going to the property desk at the sheriff's office to raise your retaliation claim. That's certainly true. I would also point the court to language that's in Jonathan R., which deals with whether or not you have your recourse, your relief in the normal course of business of that underlying proceeding. Mr. Orlando, hypothetically, could be forced to go to a court. He doesn't want to. To get relief he doesn't want. To then preclude the relief he, in fact, wants from a federal court. I just don't see any relief afforded to him in the normal course within the administration of property under a search warrant. So even if we go with you, there's still one point which you addressed with me earlier that we will have to make a decision on. You seem to have indicated that even if there's an indictment issued now, we still give you relief because that didn't exist at the time of the complaint. I understand that a stay is actually determined about when the indictment occurs, not when the complaint occurs. It can happen at any time. You can bring a younger stay. If you have a criminal proceeding that comes below, that's when it kicks in. Not when you filed a complaint. Could have been years ago you filed a complaint. All of a sudden you've got a criminal situation going on. It doesn't mean the district court can't stay that under younger because there's now a criminal proceeding. It is the presence of the criminal proceeding. So when I say if something happens today or in the future, potentially this whole thing could be moved or the basis, at least that basis would then exist. That is an ongoing criminal proceeding. And you disagree or agree with that? So if the court were to make its decision years down the line. Don't make this complicated. I'm only saying that your rationale is that a stay at this point is not appropriate because there's nothing criminal going on in the proceeding below. I'm saying if something criminal does happen, then that argument goes away. True or false? The argument goes away. That you get a stay. That a younger stay is not appropriate. It is appropriate if there is a criminal proceeding below. But we're dealing with something that occurred months in the past. And again, at the time the court decided this, there was obviously no criminal proceeding. So you think that district court is then going to be restrained to say, I have this going on, but now there's a criminal proceeding. I'm going to give comedy on the younger. We'll decide that on our own. But I just want to flesh it out to see what your point was. But I think you just hold a view that because it's already going on, when something happens later on, it doesn't affect what's already going on. Is that right? So essentially, if this is ongoing, it's ongoing. If the relief at some point begins to interfere with a state court proceeding, we can analyze that and deal with that at that point. I just don't think that's what we have on the record. All right. Can I, because I have the same set of questions, sort of, as I understand your position. Just tell me if I'm getting anything wrong. Basically, this was like a, this younger stay was premature. There's no prosecution. There's no younger stay. Fine. Should there be a prosecution, then you could have a younger stay. That's the point of younger. But so what do we do if, say, tomorrow the district, tomorrow your client is prosecuted, is indicted. The prosecution starts tomorrow. Like, what kind of relief would be available to your client for the fact that in the past there was an inappropriate younger stay, but the younger stay is now appropriate? Do you know what I'm saying? So there would be no relief. And this is why we asked for this to be expedited. Got it. We got to hurry up, is your view. Yeah. So the entire point is there's this prophylactic younger stay. And like, race to indict will give you the chance. Is that what, is that how, because I read the hearing and everything, and that was my rough understanding of what happened here. That the district court thought, well, there might be a prosecution. I don't want to start a 1983 case if I'm going to have to enter a stay next week. So, you know, you got six months, indict or not. And that, that's the very free-form, ad hoc thought process that this court has specifically said, don't do that. Right? We said that in Martin, and that is the law. You can't just consider these things willy-nilly. There's no such thing as a prophylactic younger stay. Yes. I mean, there's no case I'm aware of where there's a prophylactic younger stay, bar this case, which I think speaks to the fact that it's expanding younger. But district court didn't even have to do that. They could have, they could have just not mentioned the word younger. And just say, I'm going to stay this matter. And it very. What would you be doing then? It very well could have. Because as you say, we wouldn't have jurisdiction to even deal with it. He could just stay this matter. But he opened his mouth and said, younger stay, and went there with it. So now we're dealing with the specific issue of younger. I'm not even sure what's going to happen if you do win. You go back to district court and says, well, not younger. I'm just going to stay it. What are you going to do then? I will have to accept the court's decision because that won't be appealable. That's exactly right. The thing is, and I mentioned this in the hearing, in the underlying case, they could have requested a discovery stay. They could have used the FRCP. They could have done 100 things. They chose not to. The court even, sua sponte, could have chosen to stay. It chose not to. What it chose to do was to expand younger into a new arena where it has no business being. The thought of what if this happens, what if this happens, why doesn't younger protect executive actors doing an investigation is like asking why my car doesn't make waffles. But you know, the only question before us is, does it exist right now? Everything is indicating it does not exist. Why don't we hear from the other side? I'm going to give you some time to come back and respond when the other side presents. Thank you, your honors. May it please the court. As the court noted, the issue is whether... We don't have to talk about jurisdiction, do we? Correct. Okay, we're good. So we're going to go straight on and deal with the younger issue. With younger. We are not asking the court to expand the categories of the types of cases that younger would apply. What's the ongoing prosecution here? The question is whether it concerns an ongoing state proceeding, which it does. It's not the question under Sprint. Sprint says we got three categories, and category number one is a criminal prosecution. Well, and what the district court found in this particular case... The district court didn't even do that first threshold Sprint inquiry, which was unusual, and I think that caused some kind of... It may seem like just semantics, but it kind of caused some problems because he jumped past the first Sprint question. And I think what happens is when you look at Sprint and Jonathan R versus Justice afterwards, the first factor, the first middle sex factor, and then that first inquiry that you make under Sprint are almost identical. Except for the crucial difference that under Sprint it has to be a prosecution. Well, I think... Well, and then we don't concede that it is limited, that the court meant to limit it to only prosecution where a prosecutor is involved, which is what the plaintiff... Excuse me, the appellant contends here. Regardless of whether the court decides to use the term prosecution or criminal proceeding, what we have established in the brief, and I want to go through the Virginia's search warrant process because it is a little different than what I've heard described here today. The search warrant is, in this particular case, was initiated by law enforcement based upon information they received from two private actors, two private citizens, BN and RBN, who've also been sued here. They were the alleged victims of... So the problem is this, and I understand the criminal proceeding, search warrants are used in there the whole bit. Sheriff goes out, searches the place, and you get nothing to happen after it happens. I mean, it just stays there. There's no prosecution, there's no indictment, there's nothing that just happens. And you don't have a, what Sprint says, a criminal prosecution. Now we can get hung up on that. That may be where you want to push back from your side so you don't need a criminal prosecution on it. But if you do, then clearly a search warrant, sort of like the last case subpoena, remember we were talking about that? That's not a criminal proceeding, we were going in that direction. I mean, there are certain things that do mean that. Now, I went to the practical aspect of this. This judge could have stayed this without opening his mouth about Younger, couldn't he? He could have. Still can. He still can. Okay, so what do you want to argue to us about today? Well, we still would like the court to affirm that the district court's decision application of Younger. Well, I mean, why do you want us to push and get in this business about criminal proceedings? And if we tell you that's not a criminal proceeding, you're not going to win on that if it is not a criminal prosecution. And can we agree if that is the basis, a criminal prosecution, that's not a criminal prosecution, a search warrant? Do you agree to that? I don't entirely agree with that, Your Honor. I got you a proceeding. It's a proceeding. But it's not a prosecution. It is a proceeding that is maintained and managed within the state circuit court, which is a court of general jurisdiction, a court of record. And there's issued a case number. The judge, the circuit court, maintains jurisdiction and control over the evidence that was seized pursuant to the search warrant. So there is this level of control, not by the executive actors, as the appellant has been mentioning. Would an investigation be the same thing if they decide, we've got a person of interest, we're going to start an investigation. Is that a criminal proceeding? I don't think just an executive actor making that statement would constitute a criminal proceeding. I do not. If an investigation is not a criminal proceeding. So this is one, I feel like there's a bit of a disconnect in the case because the district court, although it did allude to the search warrant process, the only actual interference it identified with any state goings on at all was interference with the criminal investigation. That's what the district court said there would be interference with because I think it was that the discovery in the 1983 case would release confidential information that would frustrate the criminal investigation. But the district court never actually identified any interference with anything about this warrant proceeding. And you do need the interference. You need the state proceeding and it has to be interfered with by the federal action. And again, the only interference the district court found was with an investigation. And if we can all agree that an investigation is not a qualifying criminal proceeding slash prosecution, then I don't think this district court opinion can stand because he didn't identify any interference with that process. Well, Your Honor, the court did identify the problem or the potential problem if the state court were to review the constitutionality of the search warrant, which it can do before indictment or an arrest under Virginia law. But what state court? So the court was concerned and the district court identified in his opinion that there was a concern that there would be a review of the constitutionality that the state court has the opportunity to review the constitutional questions raised by the plaintiff, the appellants here in the context of the search warrant process. And this is because any person aggrieved by a search warrant has... And then what would that interfere with? Where's the interference with the state proceeding? If the federal court were to weigh in on a constitutional question pertaining to the search warrant, just as if it would if it was at trial and the charge of indictment already occurred, then it would be overstepping and stepping in, interfering with the state court making those same determinations. And so... See how that fits. You don't need younger to get there. That's what a trial judge... He's hearing all these facts. That's why I said you got this other means. You can weigh that. You can hear that argument. Well, this is different. This is going to interfere with you if you do this. And convince the judge, well, we need to state this. And he might do what he did here. He says, well, I'm not comfortable with it. I'm going to give you six months. I'd like to hear back from you, which he says he's going to hear on November 8th. I don't know what's going to go back. November 8th, what's going to happen? I'm suspecting we are here having a nice academic argument that would be good for a law review exam, but I don't think the end result of it is going to... I think the end result, something's going to be different here than to deal with younger. You just didn't have to do younger. What you were saying is perfect. But it's a good argument to make to the trial court. It says, let's forget about younger judge. You need to state this thing because the state, all this Virginia law is different than that. And he can sit down and weigh it. And he has that authority, doesn't he? He does. He does. So we could... So why press a legal theory that you've got to dance around our sprint language of... The sprint language is those are criminal prosecutions. A prosecution is a proceeding. Why do that? Well, Your Honor, we didn't appeal the case, but we are... They appealed it because it seems to be wrong if it's only younger. That's the problem. It's only younger. And that's the problem. We can certainly and likely will ask the court to consider a stay. Based on his inherent power to do that. That's not before us. I'm not suggesting it. But other than to say, I'm just telling you what the law is. You know what the law is. You know this. You prosecute these cases. You knew this. So, and I just want to point out, too, that Virginia law does provide a remedy to Mr. Orlando in the search warrant context, pre-indictment, pre-arrest. He may seek, he may file a motion. We've cited this in our brief and the court noted it, I believe in his memorandum opinion, that there is a process, due process, for an aggrieved person to come and petition the circuit court for, they can petition the circuit court for release of their property and can also, and ask the court to issue an order suppressing the use of that evidence at any later trial if an indictment or arrest is made. I don't want to have a moment of unreasonable detention claim, though. He wants to be in federal court. Where he gets what he thinks is real relief on this, don't you think? You know, it's, we're talking, too, about an immediate federal court filing here. The search warrant was issued on the 3rd of October of 2022. It was executed on the 5th and I think on the 22nd or the 24th of October, they filed their federal court action. And one of the reasons to affirm the decision here is to protect the state process, to let it happen. You're not entitled to immediate relief here. But counsel, again, I'm sorry, just going back to my original question, protect the state process from what? There has to be some interference. And I found the part of the memorandum opinion that you're talking about, where the district court identifies that you could get this ruling in state court. And the district court says that would be a problem if criminal charges were brought. That ruling might interfere with a prosecution if a prosecution happens. He didn't say that ruling is going to interfere with the search warrant process. It's part of the search warrant process. So I don't, like, again, the district, the only interference the district court has identified, two things, one, with a criminal investigation, and two, with a hypothetical future criminal prosecution. But neither of those are grounds for issuing a younger stay now. Well, and I think, I think the court did not appreciate or didn't at least include in his memorandum opinion that there is this other process, the due process afforded under Virginia law that allows an aggrieved person to petition the court to challenge the validity of the search warrant. That does, it provides immediate relief in the return of the property. Which might interfere, again, with an investigation. I understand that. But it also, that order will also include a suppression of that, the use of that evidence at any later proceedings. That might interfere with a subsequent criminal prosecution, which we do not have in front of us now. And again, I mean, I can't find any authority for the idea that a district court can issue a younger stay, abdicate jurisdiction. That is a big deal to say the federal courts are without jurisdiction in this matter because at some later date that might be required. Like, how can you do that? Particularly under Sprint, where the court, Supreme Court is at pains to say, if you've got jurisdiction, you have to exercise it. You cannot err on the side of abstaining. I don't, I don't see how this can be okay. Well, I don't, I do not concede that the court gave up jurisdiction here. The court retained jurisdiction over this case. When you issue a younger stay, what you are doing, a court issues a younger stay, it is abdicating jurisdiction. It is saying, I do not have jurisdiction in this case. And the fact that there is a possible, that this is a finite abdication, because in six months I might take it back. I mean, younger stays are always finite. They're always just pending the completion of state proceedings. It's just a younger stay. And that's what a younger stay is. I think when we, when you look at some of these other cases that deal with abstention orders and abstention stays, they talk about whether the court, whether it's a remand or whether it's an outright dismissal. And younger provides for the issuance of a stay, particularly in a case like this, where the only relief sought by the federal litigant is, is monetary relief. And so, and when the court balances those interests, the interest of the state court to proceed unfettered by judicial interference, by making decisions on constitutional questions of the validity of a search warrant, which produces evidence to be later used in a criminal prosecution, against the federal, the federal court's need to exercise jurisdiction where jurisdiction is. And the stay is that, is that middle ground. It's not a dismissal. The stay allows the court, it's still on the docket. It's still on the court's docket. When you look at... So the court did say, you know, it was concerned and give you six months to update. That's six months about up. You have an update you can tell us about today? Or has anything happened? Well, there, I have no update for you today. Has anything happened? I have not been advised that anything more has happened in terms of indictments. So far still, the same place we were six months ago, there's been no criminal prosecution going on. And, and that may be the... Seems like to me, if it was, you know, knowing this was out there, you probably would have moved forward with something on it. I don't know. But to the question of the court's jurisdiction, the court, if the court is abdicating jurisdiction completely, the court wouldn't have the ability to bring us back in to get an update or to monitor. The court can issue orders in the case, directing us to do certain things. If it's a younger stay, and it's predicated on the criminal prosecution, what does six months matter? I mean, you just, you just... Well, we may... Your word, the criminal proceeding is enough. He's out. He doesn't get to do anything on November the 8th, because it's a younger stay. I mean, does that end it? Because he then says, well, nothing has happened from this criminal proceeding that I did the basis of younger. If it's younger, it keeps going. I think with the middle sex factors, though, that he applied here, as each step of the stay continues, he can evaluate those, and whether those are still present in terms of... But younger stays typically last for the duration of the prosecution. Under your scenario, you do a search. If that's a proceeding, you don't have to do a thing in the world. You don't ever have to bring a case in a thing. Younger has stayed that because that's a criminal proceeding. Is that correct? Well, the appellant also has the ability to finish it. I mean, what we have here is a search warrant that is pending. Finish the proceeding. Finish what proceeding? If there's no criminal prosecution, as we've distinguished that between a criminal proceeding, the current criminal proceeding that is pending in Virginia State Court is the supervision of the search warrant. There is a process for the aggrieved... So the appellant needs to prosecute himself in order to get out of the criminal proceedings below? No, the appellant can seek the release... As a general proposition, does the younger stay last for the duration of the criminal proceeding? It does. So I'm just following you now. If it is proper here for a younger extension to occur in the circumstance here, that district court can't do a thing in the world on November the 8th because it's a younger stay. It goes into the criminal proceeding. Unless he determines that the criminal proceeding has ended or does not exist. Which he can do. And how is he going to do that? If the appellant goes and seeks the relief that is available to him by the Circuit Court of Augusta County... Why does the appellant have to seek relief in a criminal prosecution or proceeding against him  It is an available remedy to him. Prosecutions lie with the government, not with defendants and individuals who are being charged. So you understand what I'm saying? I do. What if he doesn't do anything? Then it just goes on and on, right? Again, I just reiterate that the appellant has the power to seek... And if he seeks that relief from the Augusta County Circuit Court who denies him that relief, that's what has not happened here. I guess you should tell the district court that because the district court thinks that as long as this investigation is pending, a younger stay is appropriate. And the district court makes that very clear. What is being interfered with here is a state investigation. It's the criminal investigation that will be interfered with by this 1983 action. So, and I'm just reading, I wasn't there, but I am reading the face of this order. And on this order, what you are saying is not right. As long as there is an investigation ongoing, it will be interfered with by discovery in this 1983 action. This younger stay is staying in effect. I mean, that's what it says. And I agree with you as far as the characterization of the district court's opinion. When you go to the Craig versus Barney case, this court determined and looked at the grand jury proceedings and the subpoena issued by a special grand jury who had no power to indict in that case. And we, and the district court, and we align, we think that that is an analogous proceeding, but the court in that case looked to the available remedies, the relief, the constitutional questions raised in the federal case could have been brought in the Craig case by the litigant. And the litigant didn't do that. They filed a motion to suppress or to protective order to quash the subpoena, but then didn't appeal that decision or otherwise seek mandamus relief. And the court found that to be significant. And in its analysis of younger abstention, and we think here the appellant does have an available remedy that he did not and has not sought. And that is relief from an adjudication of the constitutionality of the search, that it exceeds the scope of the warrant, those kinds of things, which he could have obtained from, and could still, from the Augusta County Circuit Court who has jurisdiction over the search warrant. Okay. Thank you very much. Mr. Lawrence, do you have anything you want to add? Just extremely quickly. As to Virginia Code 19.260, number one, I see no reason Mr. Orlando should be forced into a court he doesn't want to be in to get relief he doesn't want, which is the key. He doesn't want the stuff back. He doesn't want suppression of evidence. He wants money. And that's what he's seeking here. Secondly, as to available proceedings, Steffel v. Thompson specific, or excuse me, Garcindy Pew deals with Florida. They had a pre-trial practice where people were held on a prosecutor's information for 30 days. And the accused being held could bring something in Florida court in 30 days to get it judged here, whether or not they should continue to be held. The incarcerated party in that case brought it to the federal court, went up to the Supreme Court, and they said, no problem here with Younger because you're not interfering with anything, et cetera. Beyond that, I just don't see any reason why a federal court should cede its jurisdiction to a court administering property. And that's all I really have, unless anyone has anything else to ask me. Thank you both for your arguments. The court is going to come down. We're going to take a brief counsel and take a brief recess before we proceed to the final case for the day. This honorable court will take a brief recess.
judges: James Andrew Wynn, Pamela A. Harris, DeAndrea Gist Benjamin